OPINION
Paul Kudla appeals from a judgment entered against him in the Small Claims Court of Kettering Municipal Court in favor of appellee, Diane Nolen, in the amount of $1,155.73.
Kudla filed a small claim complaint on November 19, 1999 seeking $1714.00 from Nolen for unpaid rent and damages in vacating 1020 Beryl Trail in Kettering. Nolen counterclaimed seeking damages in the amount of $2869.73. Nolen claimed the apartment she leased from Kudla was not in the condition represented by Kudla but was in need of serious repairs upon occupancy. She asserted that she had complained to Kudla about the condition of the apartment's air conditioner, water heater, stove, dishwasher, kitchen sink, and other defects in the apartment and he failed to make the necessary repairs.
Ms. Nolen conceded the reasonable value of the apartment in its unrepaired condition was $500 per month rather than the $725 that she paid to the plaintiff.
The matter was heard before a magistrate who found that Ms. Nolen rented the apartment pursuant to a written lease. The magistrate found that both parties had proven their respective claims and he recommended the trial court award plaintiff $1155.73. A month later the magistrate amended his report and recommended that the defendant be awarded $1155.73 because he stated he had "inadvertently awarded "plaintiff the judgment when he intended the defendant to receive the award."
In an objection to the magistrate report, Kudla objected to the corrected report because no additional evidence had been presented before the amendment was made by the magistrate.
The trial court overruled Kudla's objection to the magistrate's report finding that the original recommendation that Kudla be awarded $1155.73 was an "inadvertent error" by the magistrate since "a clear reading of the Report indicates the judgment should be in favor of the defendant." The trial court found that the magistrate had authority to correct clerical mistakes at any time on its own initiative pursuant to Civ.R. 60(A).
The trial court then stated he had made an independent analysis of the reports and determined that the magistrate's recommendation in the amended report should be adopted as the judgment of the court and the court granted judgment accordingly.Kudla then timely appealed. There is no transcript of the testimony provided to the magistrate. The appellant provided a statement of the evidence for settlement by the magistrate and the trial court. On September 19, 2000, the trial court settled the record pursuant to App.R. 9(C).
The following is the statement of the evidence provided for our review pursuant to the appellate rules:
 1. Defendant, Diane Nolen, (hereinafter referred to as "Defendant") leased from Plaintiff, Paul M. Kudla, (hereinafter referred to as "Plaintiff") the premises commonly known as and located at 1020 Beryl Trail, Washington Township, State of Ohio pursuant to a written Lease Agreement dated September 4, 1998.
 2. On or about June 25, 1999, Plaintiff notified Defendant, in writing, that he intended to terminate the Lease Agreement as of August 31, 1999.
 3. On or about July 1, 1999, Defendant gave Plaintiff a written sixty (60) day notice of her intent to vacate the premise on August 31, 1999 — the end of the lease term — effectively terminating her tenancy as of August 31, 1999.
 4. Upon termination of Defendants tenancy and return of possession of the premises to the Plaintiff, Plaintiff provided Defendant an itemized written statement of charges, damages, fees, etc. resulting from Defendants tenancy that were to be charged against Defendants security deposit of $725.00.
 5. Plaintiff presented evidence of and proved that Defendant had unpaid rent, late fees, and cleaning charges in the amount of Two Thousand Four Hundred Thirty Nine Dollars ($2,439.00) minus a credit of Seven Hundred Twenty Five Dollars ($725.00) for the Defendants security deposit leaving the Defendant owing Plaintiff One Thousand Seven Hundred Fourteen Dollars ($1,714.00) as a result of her tenancy.
 6. In response to Defendants counterclaim, Plaintiff himself testified that he made twelve (12) different trips to the premises to attempt to view and repair any defects that the Defendant was complaining of however, Plaintiff's testimony alone was insufficient to overcome the overwhelming documentary evidence presented by Defendant in support of her counterclaim.
 7. Defendant alleged, presented evidence of and provided that shortly after the commencement of her tenancy and throughout her entire tenancy the Plaintiff failed and/or refused to make certain repairs and take reasonable and necessary steps to put and keep the premises in a fit and habitable condition and refused and/or failed to maintain in good and safe working order and condition the air conditioning, fixtures and appliances., Appellant contends that the trial court's judgment awarding him 100% of his claim negated the possibility that it could award the appellee-defendant anything upon her claim. In other words, appellant contends the judgment on the respective claims is mutually inconsistent., Appellant also contends the magistrate erred in amending his report without the reception of additional evidence.
Civ.R. 53(E)(3)(b) provides that a party may not assign as error on appeal the adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
The Civil Rules apply to small claims actions unless the rules would by their nature be clearly inapplicable. Civ.R. 1. We cannot say that Civ.R. 53(E)(3)(b) is by its nature clearly inapplicable to small claims matters. See, Alimo v. Pomante Contractors, Inc., (Sept. 11, 1997), Franklin App. 97 APG02-221, unreported; Rush v. Schlagetter (April 15, 1997), 96-CA-2215, unreported. In this case, Kudla filed a timely objection to the magistrate's report with a specific objection that the magistrate had improperly amended his recommendation.
The appellant's assignment that the trial court's judgment is legally inconsistent may not be assigned as error because this objection was not raised before the trial court adopted the magistrate's report. See, Civ.R. 53(E)(3)(b).
Until a judge has acted upon a magistrate's report the magistrate may freely correct mistakes of fact or law contained in the magistrate's report because the report is a non-final order. Harbeitner v. Harbeitner
(1994), 94 Ohio App.3d 485. The magistrate was thus free to amend his report when he noticed his inadvertent error.
 Finally although Civ.R. 53 prevents appellant from assigning as error the legal argument he now asserts, we may review the trial court's judgment for "plain error." The Supreme Court has stressed that the plain error doctrine should be used in civil proceedings "with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116. .
Without a transcript we cannot determine that the judgment is against the manifest weight of the evidence. The magistrate's 9(C) statement demonstrates the trial court's final judgment was legally inconsistent. If Ms. Nolen conceded that the reasonable value of the apartment during the one year was $500.00, the maximum damages she could claim would be $225.00 x 12 or $2700.00. And since the parties agree that Kudla's damages were $2439.00 (No. 5), the difference is $26l.00, which when added to the security deposit of $725.00 makes a total possible judgment of $986.00, even if the evidence was otherwise overwhelming.
The assignment of error of the plaintiff is sustained in part. The judgment of the trial court is Affirmed in part and Reversed in part. This matter is Remanded to the trial court to enter a judgment for the appellee in the amount of Nine Hundred Eighty Six Dollars ($986.00) plus interest at 10% from February 10, 2000.
 ______________________ BROGAN, J.
FAIN, J., and KERNS, J., concur.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting By Assignment of the Chief Justice of the Supreme Court of Ohio).